UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBRA POTTS, KIMBERLY HUNT, and MERRITT CHAPLIN,<br><br>　Plaintiffs,<br><br>v.<br><br>NASHVILLE LIMO & TRANSPORT, LLC, JOSHUA LEMAY, and TRACY MCMURTRY,<br><br>　Defendants. | Case No. 3:14-cv-1412<br>Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Defendant Tracy McMurtry has filed a Motion to Dismiss (Docket No. 31), to which the plaintiffs have filed a Response in opposition (Docket No. 33) with a supporting Memorandum of Law (Docket No. 34). For the reasons stated herein, the motion will be denied.

## BACKGROUND

On July 1, 2014, the plaintiffs filed a Collective Action Complaint against Nashville Limo & Transport, LLC ("NL&T") and its owner, Joshua LeMay. In the original Complaint, the plaintiffs alleged that NL&T and LeMay employed them as drivers between (collectively) June 1, 2010 and March 1, 2014, and that, in violation of several provisions of the Fair Labor Standards Act ("FLSA"), NL&T and LeMay failed to pay them a minimum wage, to pay them overtime for work in excess of 40 hours, and to keep records of compensable work time. The Complaint defined the relevant time frame as the period from July 1, 2011, through July 1, 2014.

In response to the Complaint, NL&T and LeMay filed a Motion to Dismiss or to Require Joinder of a Party and a More Definite Statement (Docket No. 10), in support of which it filed the Declaration of Joshua M. Lemay. In substance, NL&T and LeMay represented the following

1

facts: (1) before March 1, 2013, the plaintiffs (and at least some of the drivers they seek to represent) were employees of Nashville Limo Bus, LLC ("NLB"), a company owned by Tracy McMurtry; (2) notwithstanding its official name, NLB may have used "Nashville Limo & Transport" as a "d/b/a"; (3) on February 22, 2013, LeMay formed NL&T as a Tennessee limited liability company; and (4) on March 1, 2013, NL&T (via LeMay) and NLB (via McMurtry) entered into an Asset Purchase Agreement, whereby NL&T purchased all of NLB's assets. NL&T and LeMay also represented that at least some plaintiffs or putative collective action plaintiffs had settled any FLSA claims against NLB before NL&T purchased NLB's assets on March 1, 2013. As a consequence, NL&T argued that (1) the plaintiffs had failed to join an indispensable party; or (2) the plaintiffs should provide a more definite statement of their claims that delineated claims against NL&T/Lemay and, if appropriate, claims against NLB/McMurtry.

In response to NL&T and LeMay's motion, the plaintiffs filed an Amended Complaint as a matter of right, thereby mooting the motion. (Docket Nos. 22 (Amended Complaint), 23 (Motion to Moot Pending Motion), and 24 (Order).) In the Amended Complaint, the plaintiffs allege claims against McMurtry (whom NL&T and LeMay had identified as an indispensable party) as well as NL&T and LeMay. The Amended Complaint alleges that the "defendants" violated the FLSA by failing to pay the plaintiffs the required minimum wage and overtime pay, and that the defendants failed to maintain adequate timekeeping records. The plaintiffs allege that they "are former employees of NASHVILLE LIMO BUS, LLC, TRACY MCMURTRY, NASHVILLE LIMO & TRANSPORT, LLC AND JOSHUA LEMAY," which the Amended Complaint internally defines as "Defendant Employers." (Am. Compl. ¶ 5.) The Amended Complaint alleges that "TRACY MCMURTRY, was the sole owner of Nashville Limo Bus, LLC and was an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards

Act." It makes similar allegations as to NL&T and LeMay. According to the Amended Complaint, (1) on March 1, 2013, NLB and McMurtry entered an Asset Purchase Agreement with NL&T and LeMay, (2) on August 13, 2013, NLB was administratively dissolved; (3) effective March 1, 2013, NL&T and LeMay became the employers of all members of the putative class who were still employed at the time of transfer; and (4) NL&T and LeMay "are the successors to NASHVILLE LIMO BUS, LLC and TRACY MCMURTRY and are liable for all violations of the FLSA committed by TRACY MCMURTRY and all damages to Plaintiffs and class members caused by TRACY MCMURTRY." The Amended Complaint alleges the dates on which each named plaintiff worked for McMurtry and for NL&T/LeMay, respectively. (*Id.* ¶¶ 25-30.) It otherwise asserts claims generally against the "defendants" and seeks recovery from the "defendants" without distinction.

In response to the Amended Complaint, NL&T and LeMay filed a combined Answer and Cross-Claim against McMurtry. (Docket No. 26.) In their Cross-Claim, NL&T and LeMay allege that, as part of the Asset Purchase Agreement, NLB and McMurtry agreed to indemnify NL&T with respect to "labor and employment issues" relating to pre-execution actions by NLB and McMurtry. The Cross-Claim attaches and quotes from a copy of the Asset Purchase Agreement. (*Id.* ¶ 98 and Ex. B.) Essentially, NL&T and LeMay claim that, to the extent the plaintiffs prevail with respect to conduct that occurred before March 1, 2013 (while those plaintiffs were employed by NLB and McMurtry), only McMurtry is liable.

By contrast, in his response to the Amended Complaint, McMurtry has filed a Motion to Dismiss under Rule 12(b)(6). McMurtry alleges that ¶ 12 of the Amended Complaint, which effectively alleges that NL&T and LeMay should be held liable as a successors-in-interest to NLB and McMurtry, affirmatively establishes that McMurtry is not liable for any FLSA

3

violations. McMurtry also alleges that the Amended Complaint lacks sufficient detail to survive the *Twombly/Iqbal* standard.

## RULE 12 STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

## ANALYSIS

McMurtry argues that (1) the Amended Complaint allegations establish that McMurtry is not liable to the plaintiffs, and (2) the Amended Complaint does not otherwise contain sufficient allegations to meet the *Twombly/Iqbal* standard. Neither of these positions has merit.

First, although the Amended Complaint alleges that NL&T & LeMay are liable for actions that took place before the Asset Purchase Agreement, the remainder of the Amended Complaint asserts claims against both NL&T/LeMay on the one hand and McMurtry on the other, including delineating the dates on which each plaintiff worked for each employer (pre- and post-purchase). Construing the allegations in the light most favorable to the plaintiffs, the Amended Complaint plausibly establishes that *both* NL&T/LeMay and McMurtry should be liable for conduct that occurred before the Asset Purchase Agreement or that, at a minimum, McMurtry is liable. Indeed, NL&T and LeMay's position in their Cross-Claim is that McMurtry is solely liable to the plaintiffs for any FLSA violation that occurred before March 1, 2013.

Second, the Amended Complaint contains allegations plausibly establishing that McMurtry is liable to the plaintiffs for violating the FLSA by failing to pay them the requisite minimum wage and overtime pay. In general, FLSA plaintiffs are not required to plead with specificity the exact number of hours for which they seek compensation, the exact amount in controversy, or the exact times and dates on which the violations allegedly occurred. *See Myers v. Cooper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999); *Kutzback v. LMS Intellibound LLC*, 2014 U.S. Dist. LEXIS 126941, *7-*8 (W.D. Tenn. Sept. 5, 2014); *Hellenberg v. Integrated Deicing Servs., LLC*, 2011 WL 317733, at *5 (E.D. Mich. Feb. 1, 2011); *Mathis v. Quicken Loans, Inc.*, 2007 WL 3227598, *6 (E.D. Mich. Sept. 7, 2007). Here, the Amended Complaint: (1) alleges that McMurtry (and NLB) employed the plaintiffs and other similarly situated individuals through March 1, 2013; (2) describes the plaintiffs' basic job functions and the

5

alleged lack of timekeeping related to those functions; (3) states a range of rates at which the plaintiffs were paid; (4) alleges that the plaintiffs were paid less than minimum wage; (5) alleges that the plaintiffs worked overtime but did not receive overtime pay; and (6) sets forth a general time frame within which the alleged violations occurred. Taken together, these allegations are sufficient to survive McMurtry's Rule 12(b)(6) motion.

On a final note, the plaintiffs have asked that, if the court is inclined to grant McMurtry's motion, the court should grant the plaintiffs leave to file a Second Amended Complaint to clarify their position relative to McMurtry. Because the court finds that the Amended Complaint contains sufficient allegations to survive McMurtry's Rule 12(b)(6) motion, no further amendment is necessary.

## **CONCLUSION**

McMurtry's Motion to Dismiss (Docket No. 31) is **DENIED**. The court will reset the initial case management conference by separate order.

It is so **ORDERED**.

Enter this 12th day of December 2014.

_____
ALETA A. TRAUGER
United States District Judge

6