UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBRA POTTS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> NASHVILLE LIMO & TRANSPORT, LLC, ET AL., <br><br> Defendants. | Case No. 3:14-cv-01412 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Newbern |

To the Honorable Aleta A. Trauger, District Judge:

## REPORT AND RECOMMENDATION

Defendants Joshua M. Lemay and Nashville Limo & Transport (collectively, Nashville Limo) have filed a motion to dismiss opt-in plaintiffs from this action who have not responded to written discovery. (Doc. No. 165.) The discovery issues surrounding this motion were the subject of the Magistrate Judge's December 26, 2017 order (Doc. No. 186) and several telephone conferences between the Magistrate Judge and the parties. For the reasons that follow, the Magistrate Judge RECOMMENDS that Nashville Limo's motion to dismiss be GRANTED as to opt-in plaintiffs Merritt Chaplin, Mazzio Chumney, Christa Webster, Ronnie Chrismon, Da'Shaun Williamson, Ulina Holt, Amanda Beasley, Valencia Jenkins, Antwoine Wilson, Dejuan Jones, and Michael Williamson. The Magistrate Judge RECOMMENDS that the motion to dismiss be DENIED as to opt-in plaintiffs Kimberly Hunt, Donta Yarbro, Marcus McCarroll, Dwight James, Erin Johnson, David Wells, and John Thomas. The Magistrate Judge RECOMMENDS that the motion be FOUND MOOT as to opt-in plaintiffs Michael Boyd, Kenneth Neal, and Georgetta Pitts, who have voluntarily dismissed their claims. (Doc. No. 187.) Finally, the Magistrate Judge

1

RECOMMENDS that the motions of Dwight James (Doc. No. 189) and David Wells (Doc. No. 190) to remain as opt-in plaintiffs in the action be GRANTED.

## I. Factual and Procedural Background

The factual and procedural history of this matter was previously stated by the Magistrate Judge as follows:

> Plaintiffs in this action are drivers and transporters who allege minimum wage and overtime violations under the Fair Labor Standards Act (FLSA) against Defendants Lemay, Nashville Limo, and Tracy McMurtry.[1] (Doc. No. 1.) The Court conditionally certified this case as a collective action on July 10, 2015 (Doc. No. 51) and notice issued shortly thereafter (Doc. No. 57). After the initial opt-in period, the Court found that Defendants Lemay and McMurtry had made misleading statements to potential opt-in plaintiffs in attempting to settle claims and allowed a second opt-in period. (Doc. No. 111.) At the conclusion of the second opt-in period, there were three named plaintiffs and twenty-nine opt-in plaintiffs identified in the action. (Doc. No. 171.)
>
> Nashville Limo served written discovery on the thirty-two plaintiffs on January 9, 2017. Nashville Limo states that it made several efforts to obtain discovery responses from Plaintiffs that were not successful. (Doc. No. 165-1.) The parties also agreed to extensions of discovery deadlines to pursue settlement opportunities, which were also unsuccessful. On August 3, 2017, the parties notified the Court that they had "reached an impasse" regarding Plaintiffs' discovery responses. (Doc. No. 160.) After a telephone conference, the Magistrate Judge ordered that "[t]he parties shall provide any outstanding written discovery responses to each other on or before November 7, 2017. Any dispute arising out of the written discovery shall be raised to Judge Trauger before November 14, 2017." (Doc. No. 161.)
>
> Nashville Limo states that, on November 7, 2017, it received verified discovery responses from eleven plaintiffs: Efrain Ramos, Benjamin Ramos, Jarvis Clemmons, Reva Gross, the Estate of Ronald Quillen, Gerald Lee Lilly, Richard Sullivan, Kizzy Owens, Shaneca Rivers, Lannerrick Johnson, and Debra Potts. (Doc. No. 165-1.) Nashville Limo also received unsigned and unverified discovery responses from Kimberly Hunt, which were later verified. (*Id.*) Plaintiffs provided discovery responses from Erin Johnson and John Thomas on November 29, 2017, and December 1, 2017, respectively. (Doc. No. 171.) To date, discovery responses have not been provided from the remaining eighteen plaintiffs.

---

[1] Defendant McMurtry was the owner of Nashville Limo Bus, LLC, which he sold to Lemay in 2013. The company then became Nashville Limo & Transport, LLC. (Doc. No. 171.)

2

On November 14, 2017, Defendant McMurtry filed notice of a discovery dispute, stating that "Plaintiffs have not supplemented their Initial Disclosures since April 1, 2015" and "since that time numerous plaintiffs . . . have joined the class." (Doc. No. 162.) McMurtry did not request the Court's intervention, but stated that he "intends to communicate with Plaintiffs' counsel to work cooperatively to receive the supplemented disclosures." (*Id.*) Plaintiffs responded that McMurtry had not supplemented his own initial disclosures and that they would work together to resolve the matter. (Doc. No. 163.)

On November 17, 2017, Nashville Limo filed a motion to dismiss under Federal Rules of Civil Procedure 37(b) and 41(b), asking the Court to dismiss with prejudice "those plaintiffs who have refused to participate in this litigation by failing to obey discovery orders." (Doc. No. 165-1.) Nashville Limo argues that, "of the 32 plaintiffs to whom Defendants propounded written discovery on January 9, 2017[,] only 11 provided responses despite being ordered to respond by November 7, 2017." (*Id.*) The Magistrate Judge held a telephone conference with the parties, during which the parties raised a second dispute regarding Nashville Limo's intent to depose all opt-in plaintiffs. The Magistrate Judge ordered the parties to meet and confer regarding which plaintiffs remained active in the litigation and the status of written discovery and depositions as to each. (Doc. No. 169.) The parties' meeting was not successful in resolving their dispute and, after a second telephone conference with the Magistrate Judge, Plaintiffs filed a motion for a protective order limiting the number of depositions to be taken to a representative sample of the opt-in plaintiffs. (Doc. No. 174.) Nashville Limo, in turn, filed a motion for leave to take the depositions of all opt-in plaintiffs. (Doc. No. 178.) All motions are opposed. (Doc. Nos. 171, 177, 179.)

(Doc. No. 186.)

The Magistrate Judge ordered all plaintiffs who had not yet responded to written discovery to provide verified responses by January 12, 2018, and put the plaintiffs on notice that failure to respond could result in the recommendation that their claims be dismissed. (*Id.*) On January 19, 2018, the parties reported that opt-in plaintiffs Donta Yarbro and Marcus McCarroll had provided verified discovery responses. (Doc. No. 188.) The plaintiffs also noticed the voluntary dismissal of all claims by Michael Boyd, Kenneth Neal, and Georgetta Pitts. (Doc. No. 187.) The Magistrate Judge held a telephone conference with the parties on January 23, 2018, during which the plaintiffs acknowledged that discovery responses from thirteen opt-in plaintiffs remained outstanding. On January 25 and 26, 2018, however, the plaintiffs filed motions stating that Dwight James and David

3

Wells had submitted verified discovery responses after the January 12 deadline and asking that they be allowed to remain as plaintiffs in the action. (Doc. Nos. 189, 190.) Nashville Limo and Defendant Tracy McMurtry opposed those motions. (Doc. Nos. 191, 192, 193.)

## II. Legal Standard

Nashville Limo brings its motion to dismiss under Federal Rule of Civil Procedure 37(b)(2)(A)(v) as a discovery sanction and under Rule 41(b) for failure to prosecute. Both grounds call upon a court's inherent authority and discretion to manage the cases on its docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). Rule 37 provides that the Court may "issue further just orders" including an order "dismissing the action or proceeding in whole or in part" when a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Rule 41 allows the Court to dismiss an action on its own initiative "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b).

Recognizing the potential for overlap of these rules, the Sixth Circuit has prescribed a four-factor test to determine if dismissal with prejudice under their shared terms is appropriate:

> (1) Whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transportation*, 110 F.3d 364, 366–67 (6th Cir. 1997).

## III. Analysis

The four-factor *Harmon* test counsels for dismissing the claims of any opt-in plaintiff who has not yet responded to written discovery. Nashville Limo served its discovery requests on the plaintiffs on January 9, 2017. (Doc. No. 165-1, PageID# 1580.) The deadline for the plaintiffs to respond was extended several times by the parties' agreement and twice by the Court, ultimately

with the explicit warning that any plaintiff's failure to respond could result in the dismissal of his or her claims. (Doc. No. 186.) The failure of any plaintiff to respond to discovery after these several extensions and the Court's express notice of the possibility of dismissal cannot be found inadvertent. The more likely explanation is that these plaintiffs simply have "a lack of interest in the action," which itself may support dismissal. *Williams v. Select Specialty Hosp.*, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010). Further, the Court provided clear notice that dismissal of these plaintiffs' claims was imminent if they did not respond to discovery. Four plaintiffs heeded that warning and responded. Those who did not have given the Court ample grounds for the dismissal of their claims under Rule 37(b)(2)(A)(v) and Rule 41. Dismissal with prejudice is appropriate in light of "the hardship it would cause the defendant[s] to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action[.]" *Williams*, 2010 WL 93103 at *3.

Finally, Plaintiffs Dwight James and David Wells provided their discovery responses approximately two weeks after the Court's final deadline (Doc. Nos. 189, 190). Nashville Limo objects to including James and Wells in the group of plaintiffs whose claims are moving forward, arguing that the plaintiffs have not shown good cause for the delay in James's and Wells's responses and that they have "incurred significant expense and delay as a result of Plaintiff's failure to participate in this cause of action."[2] (Doc. Nos. 191, 192.) That is undoubtedly true with regard to the plaintiffs who still have not responded to discovery, and their dismissal from this action is an appropriately severe sanction for that conduct. Although the Court agrees that James and Wells have not offered compelling reasons for their tardy responses, the Court also finds that the two-week delay in their answers does not significantly increase the expense and delay that the

---

[2] Defendant McMurtry joins in Nashville Limo's opposition. (Doc. No. 193.)

5

defendants have suffered. James and Wells should be allowed to continue as plaintiffs in this action. However, all of the opt-in plaintiffs are on notice that any further failures to meet deadlines set by the Court or to otherwise participate fully in discovery may lead to additional sanctions, including their dismissal from the action.

Finally, the present motion to dismiss was brought by Nashville Limo and not joined by Defendant McMurtry. Accordingly, the recommendation made here addresses only the dismissal of these plaintiffs' claims against Defendants Nashville Limo & Transport and Joshua M. Lemay. The Magistrate Judge is unable to determine what, if any, claims these plaintiffs may have against Defendant McMurtry that may proceed. If the Court accepts this report and recommendation, the Magistrate Judge further recommends that the plaintiffs be ordered to show cause why the plaintiffs whose claims against Nashville Limo and Lemay are dismissed by that order should not be dismissed from the action.

**IV.    Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Nashville Limo's motion to dismiss be GRANTED as to opt-in plaintiffs Merritt Chaplin, Mazzio Chumney, Christa Webster, Ronnie Chrismon, Da'Shaun Williamson, Ulina Holt, Amanda Beasley, Valencia Jenkins, Antwoine Wilson, Dejuan Jones, and Michael Williamson. The Magistrate Judge RECOMMENDS that the motion to dismiss be DENIED as to opt-in plaintiffs Kimberly Hunt, Donta Yarbro, Marcus McCarroll, Dwight James, Erin Johnson, David Wells, and John Thomas, and that the motions of Dwight James (Doc. No. 189) and David Wells (Doc. No. 190) to remain as opt-in plaintiffs in the action be GRANTED. The Magistrate Judge RECOMMENDS that the motion be FOUND MOOT as to opt-in plaintiffs Michael Boyd, Kenneth Neal, and Georgetta Pitts.

6

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it. A party opposing any objections filed shall have fourteen days after being served with the objections in which to file any response. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 25th day of April, 2018.

ALISTAIR E. NEWBERN
United States Magistrate Judge