UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBRA POTTS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> NASHVILLE LIMO & TRANSPORT, LLC, ET AL., <br><br> Defendants. | Case No. 3:14-cv-01412 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Newbern |

## **MEMORANDUM AND ORDER**

The plaintiffs in this Fair Labor Standards Act action seek a protective order under Federal Rule of Civil Procedure 26(c) limiting the number of opt-in plaintiffs' depositions Defendants Nashville Limo & Transport, LLC, Joshua Lemay, and Tracy McMurtry (collectively, Defendants) may take. (Doc. No. 175.) Defendants have responded in opposition to that motion. (Doc. Nos. 177, 179.) Defendants Nashville Limo & Transport and Lemay (collectively, Nashville Limo) have also filed a separate motion for leave to take the depositions of all opt-in plaintiffs, in excess of the ten-deposition limit imposed by Federal Rule of Civil Procedure 30 (Doc. No. 178). The parties adopt their prior arguments in support of and opposition to that motion. (Doc. Nos. 178, 183.)

The parties asked that the Court delay ruling on these motions until after it had resolved other motions regarding which opt-in plaintiffs' claims would continue as part of this action. The Court has accepted the Magistrate Judge's Report and Recommendation (Doc. No. 194) regarding those motions and has dismissed the claims brought by Plaintiffs Merritt Chaplin, Mazzio Chumney, Christa Webster, Ronnie Chrismon, Da'Shaun Williamson, Ulina Holt, Amanda Beasley, Valencia Jenkins, Antwoine Wilson, Dejuan Jones, and Michael Williamson against

1

Defendants Nashville Limo & Transport and Joshua M. Lemay. (Doc No. 195.) Plaintiffs Michael Boyd, Kenneth Neal, and Georgetta Pitts have voluntarily dismissed their claims against all defendants. (Doc. No. 187.) The following plaintiffs remain: (1) Efrain Ramos, (2) Benjamin Ramos, (3) Jarvis Clemmons, (4) Reva Gross, (5) the Estate of Ronald Quillen, (6) Gerald Lee Lilly, (7) Richard Sullivan, (8) Kizzy Owens, (9) Shaneca Rivers, (10) Lannerrick Johnson, (11) Debra Potts, (12) Kimberly Hunt, (13) Erin Johnson, (14) John Thomas, (15) Donta Yarbro, (16) Marcus McCarroll, (17) Dwight James, and (18) David Wells. Of these, Potts and Hunt are named plaintiffs; all others have opted into the action. (Doc. No. 22.)

## I. Background

In their motion for a protective order, the plaintiffs ask that the Court limit the number of opt-in plaintiffs' depositions to a statistically significant representative sampling. (Doc. No. 175.) The plaintiffs cite the efficient resolution of claims as an important policy consideration in FLSA actions and argue that, in this case, "taking more than 10 depositions in this action is unreasonable, burdensome and outweighs any benefit to be gleaned by Defendants." (*Id.* at PageID# 2641.) Plaintiffs state that, because all plaintiffs worked in the same position for Defendants, taking each plaintiff's deposition would result in "duplicative and unnecessary testimony." (*Id.*) Appearing for a deposition would also require the deponent to miss work and lose pay. (*Id.*) Finally, citing the Court's prior finding that Defendants engaged in "serious abuses of the collective action process," the plaintiffs state that Defendants' real purpose in noticing these depositions is "clearly to discourage participation in the lawsuit by these opt ins." (*Id.* at PageID# 2643.) The plaintiffs propose that the defendants take the depositions of the three named plaintiffs (now two, with the

2

dismissal of Chaplin) and seven opt-in plaintiffs, with the plaintiffs choosing three deponents and the defendants choosing four.[1] (*Id.* at PageID# 2644.)

In response, Nashville Limo argues that the plaintiffs have failed to show good cause for limiting the number of depositions to be taken under Federal Rule of Civil Procedure 26(c). (Doc. No. 177.) Nashville Limo states that it has tailored discovery "to inconvenience Plaintiffs and their counsel as little as possible" by serving identical written discovery of ten interrogatories and nine requests for production on each plaintiff. (*Id.* at PageID# 2778.) Nashville Limo states that each deposition will be limited to two hours and will take place at the office of plaintiffs' counsel. (*Id.*) In the depositions, Nashville Limo will seek information as to "the Plaintiffs' individual claims of hours worked in excess of forty (40) per week . . . [and] whether their duties, hours, job expectations, etc.[,] varied with the applicable employer and supervisor." (*Id.* at PageID# 2779.) It states that this information is "relevant and critical to preparing for trial, but is also essential to challenging certification of the collective action." (*Id.*)

Defendant Tracy McMurtry adopts Nashville Limo's arguments and responds separately to emphasize that not all plaintiffs bring claims against him. (Doc. No. 179.) At the time of McMurtry's filing—before the Court's ruling on the various motions to dismiss—McMurtry stated that he would depose only nine plaintiffs. (*Id.* at PageID# 2844.) McMurtry also states that he will work cooperatively with the plaintiffs to ensure that the depositions are "as efficient and convenient as possible." (*Id.* at PageID# 2845.)

## II. Legal Standard

The scope of discovery is "within the sound discretion of the trial court." *S.S. v. E.*

---

[1] The plaintiffs justify this number as "two for each Defendant." (Doc. No. 175, PageID# 2644.) Because there are three defendants to this action, the Court assumes that the plaintiffs are considering Nashville Limo and Lemay as a single collective entity.

3

*Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). Generally, Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). For "good cause," a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by preventing the disclosure of otherwise-discoverable information. Fed. R. Civ. P. 26(c). "The 'good cause' necessary to sustain a protective order under Rule 26(c) must be shown by particular and specific facts, 'as distinguished from stereotyped and conclusory statements.'" *Abriq v. Metroplitan Gov't of Nashville & Davidson Cty.*, No. 3:17-0690, 2018 WL 1907445, at *1 (M.D. Tenn. Apr. 23, 2018) (quoting *Knight Capital Partners Corp. v. Henkel Ag & Company, KGaA*, 2017 WL 5898455, at *2 (E. D. Mich. Nov. 30, 2018)).

Under Federal Rule of Civil Procedure 30, a party must seek the Court's leave to take a deposition if the parties have not stipulated to the deposition and it "would result in more than 10 depositions being taken[.]" Fed. R. Civ. P. 30(a)(2)(A)(i). "Because this limit is intended to curb abusive discovery practices . . . a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary." *Moore v. Abbott Labs*, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009). As under Rule 26, this showing "cannot be based upon general assertions. Rather, the moving party must make a particularized showing why extra depositions are necessary." *Id.* Rule 26 requires the court to determine whether: (1) the additional discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the

4

importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii).

In class and collective actions, representative evidence may stand in for individual discovery. However, "[r]epresentative evidence that is statistically inadequate or based on implausible assumptions could not lead to a fair or accurate estimate or the uncompensated hours an employee has worked." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1048 (2016). In determining whether a limitation of discovery is appropriate, courts consider the size of the class, whether the costs and burdens of discovery are significant, and the type of discovery sought. *Ross v. Jack Rabbit Services, LLC*, No. 3:14-CV-00044-DJH, 2015 WL 1565430, at *3 (W.D. Ky. Apr. 8, 2015).

### III. Analysis

As this action now stands, the question before the Court is whether deposing the remaining two named and fourteen of fifteen opt-in plaintiffs[2] would result in "undue burden or expense" so as to warrant a protective order under Rule 26(c) and whether the additional seven depositions sought by Defendants are "necessary" to the litigation under Rule 30(a)(2). The plaintiffs are correct that, in some FLSA collective actions, courts have limited discovery to a representative sampling of plaintiffs so as to minimize the costs and burdens of litigation in proportion to the FLSA's remedial purpose. *See, e.g.*, *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006) (limiting discovery of 1500-member class to statistically relevant sampling, but reserving defendants' ability to move for additional individual discovery); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1344 (N.D. Ga. 2002) (allowing

---

[2] Nashville Limo does not seek to depose a representative of the Estate of Ronald Quillen. (Doc. No. 177, PageID# 2778.)

5

pre-decertification discovery from 25 opt-in plaintiffs in more-than-300-member class). Others courts have required that discovery include all opt-in plaintiffs. *Smith*, 236 F.R.D. at 357 (collecting cases, including *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, *2, (C.D. Cal., October 25, 2004) [allowing discovery from all 306 opt-in plaintiffs]; *Krueger v. New York Telephone Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) [allowing discovery of 152 opt-in plaintiffs]; *Rosen v. Reckitt & Colman, Inc.*, 1994 WL 652534 (S.D.N.Y. 1994) [allowing depositions of all 49 opt-in plaintiffs]; *Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1188 (E.D. Va.1991) [allowing depositions of all 127 opt-in plaintiffs]; *Kaas v. Pratt & Whitney*, 1991 WL 158943, *5 (S.D. Fla. 1991) [allowing discovery of 100 opt-in plaintiffs])).

The plaintiffs do not argue how the limited set of depositions they propose—the named plaintiffs plus three opt-in plaintiffs they select and four selected by defendants—represents a statistically representative sampling of the broader class from which inferences can be drawn. Instead, their arguments focus on the burden taking each plaintiff's deposition would impose. The plaintiffs state that they "are hardworking blue-collar workers who were paid on what equates to be an hourly rather than salary basis when they worked for Defendants, most of the time working at or below minimum wage." (Doc. No. 175, PageID# 2641.) The plaintiffs argue that, if required to attend a deposition, they would have to "miss work and risk termination, find transportation to and from the deposition, and lose pay which they count on to survive." (*Id.* at PageID# 2642.) The plaintiffs also cite the Court's prior finding that "the defendants committed serious abuses of the collective action process by coercing . . . and misleading . . . settling class members into releasing their claims and opting out of the suit" (Doc. No. 111, PageID# 1480) and assert that Defendants' desire to depose all plaintiffs should be recognized as another attempt to discourage participation in the lawsuit. (Doc. No. 175, PageID# 2642.)

6

These general assertions do not provide the kind of "particular and specific facts" that would support issuance of a protective order. *Abriq*, 2018 WL 1907445, at *1. Further, the considerations relevant to this determination have changed somewhat since the plaintiffs' motion was initially filed. Instead of the thirty-two original plaintiffs, the action now proceeds with eighteen total plaintiffs, seventeen of whom Nashville Limo seeks to depose. That number is far smaller than the groups of opt-in plaintiffs considered in the authority on which the plaintiffs' rely, and the burden of taking all plaintiffs' depositions is proportionally less weighty.

However, the Federal Rules of Civil Procedure assume that taking more than ten depositions in an action does impose a burden and require a "particularized showing" why the additional depositions are necessary as opposed to pursuing other avenues of discovery. *Scott v. City of Sioux City, Iowa*, 298 F.R.D. 400, 402 (N.D. Iowa 2014). Defendants have not made that showing. Instead, Defendants state that they have noticed each plaintiff's deposition to avoid "expend[ing] additional time and resources" on obtaining written discovery from the opt-in plaintiffs who had, at that time, failed to respond. (Doc. No. 177, PageID# 2778.) Now that all opt-in plaintiffs who failed to respond to written discovery have been dismissed from the action, Defendants' primary argument is largely moot. Defendants' additional arguments do not demonstrate a specific or particularized need to take more than ten plaintiffs' depositions.

## IV. Conclusion

Considering the parties' arguments on both pending motions, the Court therefore ORDERS as follows:

Nashville Limo's motion for leave to take all opt-in plaintiffs' depositions is DENIED. (Doc. No. 178.) Defendants may notice the depositions of ten plaintiffs of their choice, to be taken at a date, time, and place mutually convenient to all parties. In setting the depositions, the parties

7

shall endeavor to accommodate the plaintiffs' work schedules and to minimize any economic hardship. If, at the conclusion of these depositions, Defendants can demonstrate a specific and particularized need to depose additional plaintiffs, they may move for leave to do so.

The plaintiffs' motion for a protective order limiting the number of depositions is GRANTED IN PART AND DENIED IN PART consistent with this order. (Doc. No. 174.)

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge